**LYNCH CARPENTER, LLP**
(Eddie) Jae K. Kim (SBN: 236805)
ekim@lcllp.com
Tiffine E. Malamphy (SBN 312239)
tiffine@lcllp.com
117 E Colorado Blvd, Ste 600
Pasadena, CA 91105-3712
Tel.: (213) 723-0707
Fax: (858) 313-1850

*Attorneys for Plaintiff*
*and Proposed Class Counsel*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KIMBERLY JOHNSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LINKEDIN CORPORATION,<br><br>Defendant. | Case No.: 5:25-cv-08100-EJD<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date: March 19, 2026<br>Time: 9:00 a.m.<br>Dept.: Courtroom 4, 5th Floor<br>Judge: Hon. Edward J. Davila<br><br>Date Filed: September 24, 2025<br>Trial Date: None Set |

## I. INTRODUCTION

In support of its motion to dismiss, Defendant requests that the Court take judicial notice of 22 items. Although Plaintiff does not believe that consideration of external documents to the Complaint is necessary to decide Defendant's motion to dismiss, Plaintiff does not object to Defendant's requests for judicial notice as to Exhibits E, F-F1, H, K, and L (*i.e.*, Dkt. Nos. 31-7, 31-8, 31-9, 31-11, 31-22, 31-23). Plaintiff does object to Defendant's remaining requests on the basis that the documents are irrelevant to the motion to dismiss as Plaintiff's Complaint does not necessarily rely upon them and the documents are not appropriate for the Court's consideration at this stage.

## II. LEGAL STANDARD

When deciding a motion to dismiss, "the court may consider not only documents attached to the complaint, but also documents whose contents are alleged in the complaint, provided the complaint necessarily relies on the documents or contents thereof, the document's authenticity is uncontested, and the document's relevance is uncontested." *Rios v. Leadwell Glob. Prop. LLC*, No. 21-CV-00267-PJH, 2021 WL 2207408, at *3 (N.D. Cal. June 1, 2021). A complaint "necessarily relies" on a document if the complaint cites the document or the document is central to the plaintiff's claims. *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). A court may take judicial notice of documents upon which the complaint necessarily relies. *See* Fed. R. Evid. § 201(b). However, a court must analyze which facts can be accurately and readily determined from the judicially noticed documents. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth.").

## III. PLAINTIFF'S OBJECTIONS

### 1. Exhibit A (Dkt. No. 31-1) and A1 (Dkt. No. 31-2): LinkedIn User Agreement

Defendant requests that the Court take judicial notice of its User Agreement because Plaintiff alleged that she "has a LinkedIn account" and the agreement is publicly available. Dkt. No. 1, at ¶ 12, *see* Dkt. No. 30, at 2-3. Plaintiff's Complaint makes no reference to Defendant's User Agreement. *See generally,* Dkt. No. 1. Plaintiff's claims arise out of Defendant's interception of personal health information ("PHI") that was communicated to Nevada Health Link via its website *not* out of

Defendant's User Agreement. *See E.H. by & through Herrera v. Valley Christian Acad.*, 616 F. Supp. 3d 1040, 1046 (C.D. Cal. 2022) ("the Court finds that while the FAC references the team *roster* available on the MaxPreps website, it does not reference the game *schedules* that are the subject of Exhibits C and E and the *awards* and *scholarships* that are the subject of Exhibit D. Since the FAC does not reference the contents of these exhibits, E.H. has failed to demonstrate that she "necessarily relies" on these Exhibits to support her allegations.").

Since Plaintiff's complaint does not necessarily rely on a single, five-word sentence, Defendant's request for judicial notice should be denied as to Exhibits A and A1. *See Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1021 (C.D. Cal. 2015) ("Courts regularly decline to consider declarations and exhibits submitted in support of or opposition to a motion to dismiss, however, if they constitute evidence not referenced in the complaint"); *see also City of Royal Oak Retirement System v. Juniper Networks, Inc.*, 880 F.Supp.2d 1045, 1060 (N.D.Cal.2012) (denying request for judicial notice where documents did not fall into exceptions for consideration at pleading stage).

Even if the Court were inclined to take judicial notice of Defendant's User Agreement, which it should not, the Court should not take notice of the fact that the policy is enforced as Plaintiff's allegations dispute that Defendant enforces its policies. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d at 1000 (refusing to take judicial notice of transcript that was subject to reasonable dispute about what the transcript established).

**2. Exhibit B (Dkt. No. 31-3) and B1 (Dkt. No. 31-4): LinkedIn Privacy Policy**

Defendant requests that the Court take judicial notice of its Privacy Policy because Plaintiff referred to her status as a LinkedIn user in passing, the policy is publicly available, and Defendant's User Agreement incorporates its Privacy Policy. Dkt. No. 30, at 3. As argued above, Plaintiff's limited reference to her LinkedIn account does not create a necessary reliance on Defendant's Privacy Policy nor do any of her claims arise out of Defendant's Privacy Policy. *See E.H. by & through Herrera v. Valley Christian Acad.*, 616 F. Supp. 3d at 1046. Since Defendant's User Agreement should not be judicially noticed, it is irrelevant that the Privacy Policy is incorporated into the User Agreement. *See* (denying request for judicial notice because the documents were "not relevant to the issue of whether plaintiff's allegations are sufficient to state a federal civil rights claim against defendant"). *Curry v.*

*Cnty. of Los Angeles*, No. CV077802VAPRNB, 2009 WL 1684578, at *6 (C.D. Cal. June 16, 2009).

Therefore, the Court should deny Defendant's request for judicial notice as to Exhibits B and B1. *See Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d at 1021; *City of Royal Oak Retirement System v. Juniper Networks, Inc.*, 880 F.Supp.2d at 1060.

**3. Exhibit C (Dkt. No. 31-5): LinkedIn Cookie Policy**

Defendant requests that the Court take judicial notice of its Cookie Policy because Plaintiff alleged in her Complaint, in one sentence, that she has a LinkedIn account, the policy is publicly available, and Defendant's User Agreement incorporates Defendant's Cookie Policy. Dkt. No. 30, at 3. Just like Defendant's request as to Exhibit B, this request should be denied for the same reasons. *See Curry v. Cnty. of Los Angeles*, 2009 WL 1684578, at *6; *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d at 1021; *City of Royal Oak Retirement System v. Juniper Networks, Inc.*, 880 F.Supp.2d at 1060.

**4. Exhibit D (Dkt. No. 31-6): LinkedIn Cookie Table**

Defendant's arguments in support of its request for judicial notice as to Exhibit D are the exact same as its arguments in support of Exhibits B and C. For the same reasons that Plaintiff objects to Exhibits B and C, Plaintiff objects to Exhibit D. Additionally, Defendant's Cookie Policy only makes a passing reference to the Cookie Table so it is questionable whether the Cookie Table was incorporated by reference into the Cookie Policy which is then incorporated by reference into the User Agreement. *See Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1346 (Fed. Cir. 2009) ("a mere *reference* to another application, or patent, or publication is not an *incorporation* of anything therein") (original emphasis); *but cf. CSI Aviation, Inc. v. Dep't of Homeland Sec.*, 31 F.4th 1349, 1357 (Fed. Cir. 2022) ("Because the Schedule Contract, through the incorporated Offer, unambiguously identifies the CSI Terms and Conditions and specifies that such terms and conditions will apply to all operations, we hold that the Schedule Contract incorporates the CSI Terms and Conditions by reference.").

Based on the foregoing arguments, the Court should deny Defendant's request to judicially notice Exhibit D. *See City of Royal Oak Retirement System v. Juniper Networks, Inc.*, 880 F.Supp.2d at 1060.

**5. Exhibit G (Dkt. No. 31-10): "What is LinkedIn and how can I use it?" Webpage**

Defendant has no basis for requesting that Court take judicial notice of Exhibit G other than the webpage being publicly available. *See* Dkt. No. 30, at 10-11. There is no reference to this webpage at

any point in the Complaint and how Defendant's social network operates is not relevant to Plaintiff's claims that Defendant used its Insight Tag to intercept Plaintiff's communications with Nevada Health Link. In fact, this webpage is so irrelevant that Defendant could have elected to not even include it in its motion to dismiss as it was only referenced once to provide background about Defendant. *See* Dkt. No. 29, at 3:23; *see Limcaco v. Wynn*, No. 220CV11372RSWLMAAX, 2021 WL 5040368, at *6 (C.D. Cal. Oct. 29, 2021), *aff'd*, No. 21-56285, 2023 WL 154965 (9th Cir. Jan. 11, 2023) (denying judicial notice because the documents were "not necessary to the resolution of Defendants' motions to dismiss the FAC."). Accordingly, Exhibit G is not appropriate for judicial notice nor this Court's consideration at this stage. *See Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d at 1021; *City of Royal Oak Retirement System v. Juniper Networks, Inc.*, 880 F.Supp.2d at 1060.

Alternatively, if the Court is inclined to take judicial notice of this document despite its immateriality, Plaintiff requests that the Court limit judicial notice to the fact that Defendant is a "professional network" that users can take advantage of "to find the right job or internship, connect and strengthen professional relationships, and learn the skills [needed] to succeed in [a] career." Dkt. No. 31-10. Plaintiff does not dispute that Defendant offers professional networking opportunities. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Courts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute.).

**6. Exhibit I (Dkt. No. 31-12) and Dkt. No. I1 (Dkt. No. 31-13): "LinkedIn Insight Tag FAQs" Webpage**

Defendant requests that the Court take judicial notice of its "LinkedIn Insight Tag FAQs" webpage because Defendant's webpage includes similar information to that alleged in Plaintiff's Complaint, it is incorporated into Defendant's Advertising Agreement, and it is publicly available. *See* Dkt. No. 30, at 5-11. Plaintiff does not refer to this webpage at any point in her Complaint. *See generally,* Dkt. No. 1. Her allegations are also not necessarily based on this document since the same information is available elsewhere. *See* Dkt. No. 31-23. Further, Defendant barely relies on this exhibit in its motion to dismiss, quickly citing it approximately two (2) times, which demonstrates that the Complaint does not necessarily rely on this document. *See* Dkt. No. 29, at 4, 10. Finally, Defendant only cites this document as part of its defense to Plaintiff's well-pled allegations and that is inappropriate for judicial

notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d at 1002 ("if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims."). Accordingly, the Court should not take judicial notice of Exhibits I and I1.

**7. Exhibits J1-J8 (Dkt. Nos. 31-13, 31-14, 31-15, 31-16, 31-17, 31-18, 31-19, 31-21, 31-20): Nevada Health Link's Registration Process**

Defendant requests that the Court take judicial notice of eight (8) subpages of the Nevada Health Link webpage because Plaintiff refers to the Nevada Health Link website in her complaint and the subpages are publicly available. *See* Dkt. No. 30, at 8, 10-11. Plaintiff does not reference any of those subpages specifically. While Plaintiff refers to the Nevada Health Link website repeatedly, the entire website is the basis of her claim, not just the registration process for purchasing insurance. Just like plaintiffs, Defendant should not be permitted to selectively choose which portions of documents it wishes to include, in this case – subpages of an entire website – while actively refusing to include others. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d at 1002. Therefore, the Court should not take judicial notice of Exhibits J1-J8.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's request for judicial notice as to Exhibits A-A1, B-B1, C, D, G, I-I1, and J1-J8.

Dated: January 30, 2026

**LYNCH CARPENTER, LLP**

By: */s/ (Eddie) Jae K. Kim*

(Eddie) Jae K. Kim (SBN 236805)
ekim@lcllp.com
Tiffine E. Malamphy (SBN 312239)
tiffine@lcllp.com
117 E Colorado Blvd, Ste 600
Pasadena, CA 91105-3712
Tel.: (213) 723-0707
Fax: (858) 313-1850

*Attorneys for Plaintiff and Proposed Class Counsel*