KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
MATAN SHACHAM - # 262348
mshacham@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
SPENCER MCMANUS - # 322824
smcmanus@keker.com
LIAM BROWN - # 347518
liambrown@keker.com
FLORA D. MORGAN - #359733
fmorgan@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendant
LINKEDIN CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

KIMBERLY JOHNSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

LINKEDIN CORPORATION,

Defendant.

Case No. 5:25-cv-08100-EJD

**REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF LINKEDIN'S MOTION TO DISMISS**

Date: March 19, 2026
Time: 9:00 a.m.
Dept.: Courtroom 4, 5th Floor
Judge: Hon. Edward J. Davila

Date Filed: September 24, 2025

Trial Date: None Set

## I. INTRODUCTION

The Court should grant LinkedIn's request for judicial notice in full. To start, in Plaintiff's partial opposition, she does not oppose LinkedIn's request as to LinkedIn's Ads Agreement (Ex. E), Advertising Policies (Exs. F, F1), "Insight Tag" webpage (Ex. H), Nevada Health Link Privacy Policy (Ex. K), and the June 17, 2020 *The Markup* article (Ex. L). *See* Dkt. 33 ("RJN Opp.") at 1. Accordingly, the Court may properly consider Exhibits E–F1, H, K, and L under both the doctrine of incorporation by reference and judicial notice, as set forth in LinkedIn's brief. *See* Dkt. 30 ("RJN").

Plaintiff's objections as to the remaining documents, Exhibits A–D, G, I–I1, and J1–J8, should be overruled.[1] Plaintiff contends that LinkedIn's agreements and webpages (Exs. A–D, G and I–I1) and Nevada Health Link's registration webpages (Exs. J1–J8) are irrelevant to her claims, but her own allegations indicate their relevance. Her complaint is based on the central allegation that LinkedIn intercepted information she purportedly submitted to Nevada Health Link without her knowledge or consent. Yet she now asks the Court not to take notice of LinkedIn's public disclosures about its data collection practices. And while she relies upon certain portions of Nevada Health Link webpages in her complaint, she now asks the Court not to consider the full scope of those very webpages. All told, Plaintiff's opposition amounts to no more than an attempt to selectively exclude documents that undermine her claims. But such "selective use of documents" is precisely what the doctrine of incorporation by reference is designed to prevent. *Bos. Ret. Sys. v. Uber Techs., Inc.*, 2020 WL 4569846, at *2 (N.D. Cal. Aug. 7, 2020). Plaintiff cannot "select[] only portions of documents that support her claims, while omitting portions of those very documents that weaken—or doom—her claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002–03 (9th Cir. 2018).

---

[1] These documents include LinkedIn's User Agreement (Exs. A, A1), Privacy Policy (Exs. B, B1), Cookie Policy (Ex. C), Cookie Table (Ex. D), "What is LinkedIn and how can I use it?" webpage (Ex. G), Insight Tag FAQs webpages (Exs. I, I1), and Nevada Health Link registration webpages (Exs. J1–J8).

The Court should overrule Plaintiff's objections and consider Exhibits A–D, I–I1, and J1–J8 under the doctrine of incorporation by reference, and additionally take judicial notice of Exhibits A–D, G, I–I1, and J1–J8.

## II. LINKEDIN'S REQUEST FOR INCORPORATION BY REFERENCE OF EXHIBITS A–D, I–I1 AND J1-J8 IS PROPER.

### A. Exhibits A–C, LinkedIn's User Agreement, Privacy Policy, and Cookie Policy, are all incorporated by reference in Plaintiff's complaint.

LinkedIn's User Agreement, Privacy Policy, and Cookie Policy publicly disclose LinkedIn's data collection and usage practices. Here, Plaintiff affirmatively alleges that she has a LinkedIn account. Compl. ¶ 12. To become a LinkedIn member (and Plaintiff does not dispute this), Plaintiff was required to agree to LinkedIn's User Agreement, Privacy Policy, and Cookie Policy. RJN at 6. As in *L.B.*, the Court should consider these public disclosures under the doctrine of incorporation by reference. 2025 WL 2899514, at *1 n.2 (N.D. Cal. Oct. 10, 2025).

Moreover, where a plaintiff's claims depend on her allegation that notice was not provided, and a defendant provides evidence that such notice did occur, courts have held that such evidence is integral to the complaint and properly subject to incorporation by reference. *See, e.g.*, *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 868 (N.D. Cal. 2022) (incorporating by reference a notice allegedly not received by plaintiff); *Starks v. Geico Indem. Co.*, 2015 WL 12942282, at *2 (C.D. Cal. Nov. 10, 2015) (same); *Chyba v. Green Tree Servicing, LLC*, 2012 WL 12874929, at *2 (S.D. Cal. Dec. 12, 2012) (incorporating written correspondence between the parties where plaintiff "alleg[ed] that [defendant] did not send her written notice"). Here, Plaintiff alleges that she did not know that LinkedIn was allegedly intercepting her data entered on the Nevada Health Link website. *See* Compl. ¶¶ 1, 28, 32, 51. Accordingly, incorporation by reference of LinkedIn's User Agreement, Privacy Policy, and Cookie Policy to show that LinkedIn publicly notifies its members of these data practices is proper. *See Al-Ahmed*, 603 F. Supp. 3d at 868; *Starks*, 2015 WL 12942282, at *2; *Chyba*, 2012 WL 12874929, at *2.

Plaintiff argues that she does not explicitly refer to LinkedIn's User Agreement, Privacy Policy, or Cookie Policy in her complaint (RJN Opp. at 1–3), but that argument misunderstands the doctrine of incorporation by reference. A document may be incorporated by reference even if

the complaint does not explicitly cite its contents. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Indeed, the Ninth Circuit has upheld incorporation of documents outlining the terms of a membership plan where, like here, the plaintiff alleged membership in that plan. *See, e.g.*, *Parrino v. FHP*, Inc., 146 F.3d 699, 706 (9th Cir. 1998) (holding that the district court properly considered documents attached to a motion to dismiss that described the terms of plaintiff's group health insurance plan, where plaintiff alleged membership in the plan, his claims depended on the conditions described in the documents, and plaintiff never disputed their authenticity), *superseded on other grounds as stated in Abrego v. Dow Chem. Co*, 443 F.3d 676 (9th Cir. 2006).

Plaintiff also insists that she "referred to her status as a LinkedIn user in passing" and that her "complaint does not necessarily rely" on that fact. RJN Opp. at 2; Compl. ¶ 12. But Plaintiff's allegations make clear that Plaintiff's status as a LinkedIn member is central to her claims. Plaintiff's repeated and conclusory allegations that LinkedIn collected her information without her knowledge or consent necessarily implicates LinkedIn's public disclosures concerning its collection and usage of members' data. Compl. ¶¶ 1, 28, 32, 51. Indeed, Plaintiff's bare, unsupported allegations about LinkedIn using collected information for targeted advertising depend on her status as a LinkedIn member, as any targeted advertising on LinkedIn could occur only as to LinkedIn members. *See, e.g.*, *id.* ¶¶ 36, 92 (generally describing certain LinkedIn cookies "containing user account information"). Thus, according to her own allegations, Plaintiff's relationship with LinkedIn is not incidental; it is foundational to her complaint. Like in *L.B.*, incorporation by reference of LinkedIn's User Agreement, Privacy Policy, and Cookie Policy is proper here.

**B. Exhibit D, LinkedIn's Cookie Table, is incorporated by reference in Plaintiff's complaint.**

LinkedIn's Cookie Table, which operates as an appendix to the Cookie Policy, provides a list of cookies and similar technologies that LinkedIn uses as part of its Services referenced in the Cookie Policy. McManus Decl. Ex. C at 1. As in *L.B.*, 2025 WL 2899514, at *1 n.2, the Court may properly consider the LinkedIn Cookie Table under the doctrine of incorporation by reference because the document is expressly incorporated into LinkedIn's Cookie Policy, to

which Plaintiff agreed when she became a LinkedIn member. RJN at 6. Plaintiff does not dispute that she agreed to the Cookie Policy or that the Cookie Policy refers expressly to the Cookie Table but instead suggests that it is "questionable" whether the Cookie Policy incorporates the Cookie Table. RJN Opp. at 3. But courts in this District have found that "a hyperlink embedded within language signifying the linked material" is sufficient for incorporation to apply. *Brown v. Google LLC*, 685 F. Supp. 3d 909, 930 (N.D. Cal Aug. 7, 2023). Here, the Cookie Policy guides users to the Cookie Table for more information regarding the cookies and similar technologies that LinkedIn uses through a hyperlink embedded in language signifying the linked material. McManus Decl. Ex. C at 1 ("Our cookie table lists cookies and similar technology that are used as part of our Services.") (blue language hyperlinked). Incorporation by reference of the Cookie Table is proper.

Moreover, Plaintiff herself expressly refers to and relies on information from LinkedIn's Cookie Table about how the "li_at" and "li_rm" cookies operate, while seeking to exclude disclosures in the same document about data collection that might occur when the Insight Tag is installed on LinkedIn's customers' websites. Compl. ¶¶ 36–37; RJN at 7. This is precisely the kind of selective presentation of information that the incorporation by reference doctrine seeks to prevent. *Khoja*, 899 F.3d at 1002. In selectively referencing and necessarily relying upon information on the Cookie Table webpage, Plaintiff incorporates it by reference. *See In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023) ("When a general conclusion in a complaint contradicts specific facts retold in a document . . . incorporated by reference in the complaint, or subject to judicial notice, those specific facts are controlling.").

### C. Exhibits I and I1, "LinkedIn Insight Tag FAQs" pages, are incorporated by reference in Plaintiff's complaint.

Plaintiff does not dispute that Exhibits I and I1 are incorporated—via hyperlink—into LinkedIn's Advertising Agreement (McManus Decl. Ex. E), which Plaintiff agrees is incorporated by reference into her complaint. For the same reasons that the Cookie Table is incorporated into the Cookie Policy, *see supra* Section II.B, so too are the Insight Tag FAQs pages properly incorporated by reference. *See Brown*, 685 F. Supp. 3d at 930.

Plaintiff offers a boilerplate objection to incorporation, arguing that LinkedIn is seeking to use these documents only "as part of its defense to Plaintiff's well-pled allegations." RJN Opp. at 4 (citing *Khoja*, 899 F.3d at 1002). To start, "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (emphasis in original). Instead, "*Khoja* holds that an incorporated or noticed document's truth may not be assumed if the only purpose is to dispute or create a defense to a well-pled fact in a complaint." *Id.* (emphasis in original). Here, Plaintiff does not identify any well-pled facts that would be undermined by the Insight Tag FAQs pages, nor does she explain why incorporation is improper in light of those allegations. Indeed, as Plaintiff acknowledges, LinkedIn cites to documents containing the "same information" Plaintiff relies upon. RJN Opp. at 4. Plaintiff's objections to incorporation by reference of Exhibits I and I1 should be overruled.

**D. Exhibits J1–J8, the Nevada Health Link Registration Process webpages, are incorporated by reference in Plaintiff's complaint.**

Plaintiff's objections to Exhibits J1–J8, which comprise the full scope of several Nevada Health Link registration webpages, demonstrate why incorporation by reference of those webpages is proper. Plaintiff concedes that she "refers to the Nevada Health Link website repeatedly" in her complaint and that "the entire website is the basis of her claim." RJN Opp. at 5. Plaintiff also does not dispute that she includes descriptions and screenshots of specific subpages of the registration process on the Nevada Health Link website. As such, the Court may consider each of the registration webpages in Exhibits J1–J8, which match descriptions and/or screenshots Plaintiff included in her complaint, under the doctrine of incorporation by reference. *See Della v. Colgate-Palmolive Co.*, 2024 WL 457798, at *16 (N.D. Cal. Feb. 6, 2024) ("Plaintiffs sufficiently rely on the Product websites to justify applying the doctrine of incorporation by reference to the websites as a whole, even if the specific webpages offered by Colgate are not expressly referenced in the FAC.").

Plaintiff confusingly argues that because she relies on the entire website and does not

reference certain of the registration process subpages specifically, the Court should decline to consider those subpages. RJN Opp. at 5. In other words, Plaintiff requests that the Court decline to consider the full scope of the registration process pages that she herself has selectively relied upon in the complaint. But again, such selective use of only portions of documents is exactly what the doctrine of incorporation by reference is designed to prevent. *See Khoja*, 899 F.3d at 1002–03; *Bos. Ret. Sys.,* 2020 WL 4569846, at *2. Because Plaintiff's complaint puts the registration process on the Nevada Health Link website squarely at issue, incorporation by reference of Exhibits J1–J8 is proper. *See Libman v. Apple, Inc.*, 2024 WL 4314791, at *4 (N.D. Cal. Sept. 26, 2024) (incorporating by reference "welcome screens" that are "not referred to extensively in the complaint" because "whether Apple disclosed its collection practices and whether Plaintiffs consented to those collection practices" through those screens "relate" to plaintiff's claims).

## III. LINKEDIN'S REQUEST FOR JUDICIAL NOTICE OF EXHIBITS A–D, G, I–I1, AND J1–J8 IS ALSO PROPER BECAUSE THESE DOCUMENTS ARE PUBLICLY AVAILABLE AND PLAINTIFF HAS NOT PRESENTED A REASONABLE DISPUTE OF THEIR AUTHENTICITY.

Plaintiff objects wholesale to taking judicial notice of Exhibits A–D, G, I–I1, and J1–J8 without presenting an explanation for why any one of these documents is subject to reasonable dispute. *See* Fed. R. Evid. 201(b). As explained in LinkedIn's request, these documents are properly judicially noticed as publicly available webpages that are not subject to reasonable dispute. *See* RJN at 10–11. Courts routinely hold that websites and their contents may be judicially noticed, and Plaintiff offers no reason for the Court to deviate from that rule here. *See L.B.*, 2025 WL 2899514, at 1 n.2; *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020); *In re Intel Corp. Sec. Litig*., 2023 WL 2767779, at *9 (N.D. Cal. Mar. 31, 2023), *aff'd*, 2024 WL 1693340 (9th Cir. Apr. 19, 2024) ("[E]xhibits are . . . judicially noticeable as publicly available articles.") (citing *Heliotrope Gen., Inc. v. Ford Motor Co*., 189 F.3d 971, 981 n.18 (9th Cir. 1999)); *Hammerling v. Google LLC*, 2022 WL 17365255, at *4 (N.D. Cal. Dec. 1, 2022) ("[W]ebpages . . . are regularly the subject of judicial notice in this

circuit.”).[2]

Plaintiff objects to the Court “tak[ing] notice of the fact that [LinkedIn’s policies in Exhibits A–D are] enforced as Plaintiff’s allegations dispute that Defendant enforces its policies.” RJN Opp. at 2. As a starting matter, it is unclear whether Plaintiff is objecting to incorporation by reference or judicial notice of Exhibits A–D. Regardless, Plaintiff’s argument is but a red herring, as Plaintiff does not allege any well-pled facts indicating that LinkedIn fails to enforce the policies in Exhibits A–D (LinkedIn’s User Agreement, Privacy Policy, Cookie Policy, and Cookie Table) or that LinkedIn acts contrary to these policies. Indeed, this argument is inconsistent with Plaintiff’s stance that the two LinkedIn agreements for which she does challenge LinkedIn’s enforcement—the Ads Agreement and Advertising Policies—are judicially noticeable. MTD at 11. If anything, by claiming that she “dispute[s] that [LinkedIn] enforces its policies,” Plaintiff admits that she is alleging that LinkedIn’s policies contain fraudulent misrepresentations, such that her allegations are subject to Rule 9(b). RJN Opp. at 2; *compare* MTD at 11 (discussing how Plaintiff’s allegations that LinkedIn acts contrarily to its statements in the Ads Agreement amount to an allegation that the Ads Agreement contains fraudulent misrepresentations), *with* MTD Opp. at 4 (arguing that she is not alleging fraudulent misrepresentations).

---

[2] The cases Plaintiff cites do not undermine the well-established principle that courts can take judicial notice of publicly available webpages. *See Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1021 (C.D. Cal. 2015) (“Courts regularly decline to consider declarations and exhibits submitted in support of or opposition to a motion to dismiss, however, if they constitute evidence not referenced in the complaint ***or not a proper subject of judicial notice***”) (emphasis added to language omitted from citation included in RJN Opp at 2); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F.Supp.2d 1045, 1060 (N.D. Cal. 2012) (granting defendant’s motion to strike a declaration submitted in support of plaintiff’s opposition to defendant’s motion to dismiss because it was not (1) attached to the complaint, (2) incorporated by reference, or (3) judicially noticeable under FRE 201).

Moreover, LinkedIn is not seeking judicial notice of the truth of any statement in these policies. Instead, it is requesting judicial notice of the ***existence*** of the disclosures contained in these documents. That is a classic function of judicial notice. *See, e.g.*, *Genasys Inc. v. Vector Acoustics, LLC*, 638 F. Supp. 3d 1135, 1146 (S.D. Cal. 2022) ("[T]he court is simply taking as true that the website exists and makes certain representations about the company to the public. The court does not assume the veracity of any of the representations the website contains."); *Permito v. Wells Fargo Bank, N.A.*, 2012 WL 1380322, at *2 (N.D. Cal. Apr. 20, 2012) (judicial notice of legally-operative language is proper); *see also Finjan*, 58 F.4th at 1052 n.1 (holding that judicial notice of legally operative language controls over allegations made in a complaint to the contrary). To the extent Plaintiff's contention is that judicially noticing even the mere existence of the publicly disclosed content of these webpages is improper, she is incorrect. Courts routinely take judicial notice of terms of service and privacy policies. *See e.g.*, *L.B.*, 2025 WL 2899514, at *1 n.2 (incorporating earlier versions of the same agreements at issue here in a related case concerning identical policies); *Pica v. Delta Air Lines, Inc.*, 2018 WL 5861362, at *5 (C.D. Cal. Sept. 18, 2018) ("[T]he Court takes judicial notice of the Privacy Policy as 'matters of public record outside the pleadings that are not subject to reasonable dispute.'").

Plaintiff also separately objects to judicial notice of Exhibit G, the "What is LinkedIn and how can I use it?" webpage, in its entirety, asking the Court to "limit judicial notice to the fact that Defendant is a 'professional network' that users can take advantage of 'to find the right job or internship, connect and strengthen professional relationships, and learn the skills [needed] to succeed in [a] career.'" RJN Opp. at 4. But Plaintiff has provided no basis for why the remainder of the public webpage is subject to reasonable dispute. Rather, Exhibit G is judicially noticeable in its entirety because it is publicly available and Plaintiff has not challenged its authenticity. *See Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1043 (N.D. Cal. 2019) (judicially noticing a document where the plaintiff's argument "[did] not raise doubts about the authenticity or accuracy of the [documents]"); *Martinez v. Welk Grp., Inc.*, 2011 WL 90313, at *3 (S.D. Cal. Jan. 11, 2011) (rejecting "attempt to dispute the authenticity of [a document as] unsupported").

## IV. CONCLUSION

For the foregoing reasons, LinkedIn respectfully asks the Court to grant its request for incorporation by reference and judicial notice in support of LinkedIn's motion to dismiss in full.

Dated: February 27, 2026

KEKER, VAN NEST & PETERS LLP

By: */s/ Benjamin Berkowitz*

BENJAMIN BERKOWITZ
MATAN SHACHAM
CHRISTINA LEE
SPENCER MCMANUS
LIAM BROWN
FLORA D. MORGAN

Attorneys for Defendant
LINKEDIN CORPORATION